United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DON EARL BARRETT, JR.,
Plaintiff,

v.

DEERING, et al.,
Defendants.

Case No. 26-cv-04003 VKD (PR)

**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A; GRANTING LEAVE TO AMEND**

Pro se plaintiff Don Earl Barrett, Jr., who is currently being held at the San Francisco Jail #3 ("Jail"), filed a complaint under 42 U.S.C. § 1983 against a deputy for the City and County of San Francisco. Dkt. No. 1 at 2. The Court separately grants Mr. Barrett's *in forma pauperis* application. Dkt. No. 7.

## I. BACKGROUND

The following facts are based on the allegations in Mr. Barrett's complaint.

Mr. Barrett alleges that while housed at the Jail, he was "retaliated [against] for writing a grievance about the bedding[;] 11/24/2025 was the first time." Dkt. No. 1 at 2. He alleges that he was put in a "dirty cell 9 f pod CJ" which had mold and that he was housed with a "crazy man that was talking to himself." *Id.* at 2-3. He says he remained in cell 9 during "the whole time" he was housed at the Jail, although he does not provide the exact length of time. *Id.* at 3.

Mr. Barrett left the Jail at some point and returned on March 16, 2026. *Id.* He alleges that on the first day of his return, Defendant Deputy Deering placed Mr. Barrett back in the same moldy cell 9, along with "a person that was being disciplined." *Id.* Mr. Barrett asserts that his rights were violated, although he does not specify which rights, and he seeks $2500 in damages in

United States District Court
Northern District of California

compensation for being housed in unfit living conditions, danger to his life, and emotional distress. *Id.* He asks that this incident be recorded in Deputy Deering's file and that he be required to "read the title 15 so these things won't continue to happen." *Id.*

## II. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A court must dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In conducting its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed, particularly in civil rights cases. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

To state a claim under 42 U.S.C. § 1983, a plaintiff must plausibly allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. DISCUSSION

Mr. Barrett's allegation that he was retaliated against for writing a grievance implicates the First Amendment. His allegations regarding his conditions of confinement implicate either the Fourteenth Amendment if he was a pretrial detainee at the time, *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979), or the Eighth Amendment's prohibition against cruel and unusual punishment if he is a convicted prisoner, *see Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Court addresses each of these claims below.

### A. Retaliation

Within the prison context, a viable claim of First Amendment retaliation entails five basic

elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Mr. Barrett's allegations are insufficient to satisfy all five elements for a retaliation claim. The allegation that he was "retaliated [against] for writing a grievance" is sufficient to satisfy the second and third elements. However, with respect to the first element, assuming that the adverse action was placing him in a moldy cell with a "crazy man," Mr. Barrett fails to identify the specific state actor who took this adverse action against him for filing the grievance. Although he names Deputy Deering, there are no allegations indicating that Deputy Deering was aware that Mr. Barrett filed a grievance and that he was responsible for then placing Mr. Barrett in cell 9 after he became aware of the grievance. *See* Dkt. No. 1 at 2. Nor are there any allegations indicating that Deputy Deering acted with retaliatory motives when he placed Mr. Barrett back in cell 9 when he returned to the Jail. Furthermore, there are no allegations to satisfy the fourth and fifth elements of *Rhodes*, *i.e.*, that Mr. Barrett's exercise of his First Amendment right was chilled by the retaliatory action and that it did not reasonably advance a legitimate correctional goal.

Mr. Barrett may be able to correct these deficiencies by amending his complaint. Accordingly, the Court grants Mr. Barrett leave to file an amended complaint to attempt to state a retaliation claim against a specific defendant by alleging facts addressing all five elements of a retaliation claim under *Rhodes*.

**B. Conditions of Confinement**

Depending on Mr. Barrett's custodial status at the time of the events in question, his allegations regarding his conditions of confinement implicate either the Fourteenth Amendment (for a pretrial detainee) or the Eighth Amendment (for a convicted prisoner).

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell*, 441 U.S. at 535 n.16. "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal

adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)). "To constitute punishment, a government action must (i) harm a detainee and (ii) be intended to punish him." *Houston v. Maricopa County*, 116 F.4th 935, 940 (9th Cir. 2024). Here, the allegations are insufficient to establish the second element for a Fourteenth Amendment claim, *i.e.*, that placing Mr. Barrett in cell 9 with mold and an undesirable cellmate was intended to punish him. If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective it does not, without more, amount to punishment. *See Bell*, 441 U.S. at 539.

On the other hand, the treatment a convicted prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling*, 509 U.S. at 31. The Amendment imposes duties on prison officials who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

A prison official violates the Eighth Amendment where: (1) the deprivation alleged is, objectively, sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official acted or failed to act with deliberate indifference to the prisoner's health or safety, *id.* (citing *Wilson*, 501 U.S. at 302-03). "A deprivation is sufficiently serious when the prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Lemire v. Cal. Dep't of Corr. & Rehab*., 726 F.3d 1062, 1074 (9th Cir. 2013) (internal quotations omitted). A prison official acts with deliberate indifference, where he "kn[e]w [ ] of and disregard[ed]" the substantial risk of harm, but the officials need not have intended any harm to befall the inmate. *Id.* (quoting *Farmer,* 511 U.S. at 837). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See id.*

at 732-33.

As currently pled, the allegations in the complaint are insufficient to state an Eighth Amendment claim. First, the fact that Mr. Barrett's cell was moldy is not sufficient to satisfy the first element, *i.e.*, that the deprivation was objectively, sufficiently serious. For example, he fails to describe the extent of the mold, whether exposure to the mold impacted his health in any way, and how long he was housed in those conditions. Second, Mr. Barrett fails to satisfy the second element, *i.e.*, that a specific prison official acted or failed to act with deliberate indifference to his health or safety. Although he names Deputy Deering as a defendant, there are no allegations that Deputy Deering was responsible for initially placing him in the moldy cell with a "crazy man" when he first arrived at the Jail. Furthermore, there are no allegations that when he placed Mr. Barrett in cell 9 on his return to the Jail, Deputy Deering knew of and disregarded a substantial risk of harm to Mr. Barrett due to the mold and "disciplined" cellmate.

Mr. Barrett may be able to correct these deficiencies by amending his complaint. Specifically, Mr. Barrett may amend his complaint to clarify his custody status at the time of the events in question so that the Court may determine whether his conditions of confinement claim arises under the Fourteenth Amendment or the Eighth Amendment. In addition, the Court grants Mr. Barrett leave to amend his complaint to allege facts sufficient to state a claim under the applicable law.

### C. Other Defendant

The Court notes that "San Francisco City and County" was included in the caption for this case but that appears to be only in reference to Deputy Deering's place of employment, not as a separate defendant. Dkt. No. 1 at 1. This conclusion is bolstered by the fact that only Deputy Deering is named as a defendant under "Parties," and Mr. Barrett makes no specific allegations against "San Francisco City and County" in the complaint. *Id.* at 2. Accordingly, listing the "San Francisco City and County" as a defendant on the docket appears to be a clerical error. Therefore, the Court of the Court shall terminate "San Francisco City and County" as a party on the docket.

## IV. CONCLUSION

After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court finds that it

United States District Court
Northern District of California

presently fails to state any cognizable claim for relief. Mr. Barrett may file an amended complaint to attempt to correct the deficiencies identified in this order. An amended complaint must be filed no later than **September 9, 2026**. The amended complaint must include the caption and civil case number used in this order, Case No. 26-cv-04003 VKD (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Mr. Barrett must answer all the questions on the form in order for the action to proceed. Mr. Barrett is advised that his amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

The Clerk shall also terminate "San Francisco City and County" as a party from the docket to correct this clerical error.

If Mr. Barrett fails to file an amended complaint in time, or if the amended complaint fails to cure all defects described above, the Court may issue an order reassigning the case to a district judge with a recommendation that the action be dismissed.

The Clerk of the Court shall include two copies of the Court's form complaint with a copy of this order provided to Mr. Barrett.

**IT IS SO ORDERED.**

Dated: August 12, 2026

Virginia K. DeMarchi
United States Magistrate Judge